And we'll move to our next case, Michelle Cortez Gomez v. Kohl's Corporation, appeal number 24-2188. Mr. Woodward, whenever you're ready, or you know, we just, come on up and wait a second until they're ready. Okay go ahead. Good morning, your honors. May it please the court, Martin Woodward for the appellant, Michelle Cortez Gomez. I'd like to focus on one issue today, and that is how Wisconsin courts interpret the statutory language, pecuniary loss because of a violation. As that language appears in Wisconsin's consumer protection statute that makes violations of certain regulations actionable, and it's codified at Wisconsin statutes section 100.20. Routinely, Wisconsin courts construe pecuniary loss because of a violation to mean the money paid by a consumer as a result of the wrongful act of a defendant. Key to the court's analysis and decision on whether there is a pecuniary loss is a causal connection between the act of the defendant and any action taken by the plaintiff as a  The question that Wisconsin courts routinely ask is, in the absence of whatever it was the defendant did, would the consumer have acted, would they have paid over their money? If the causal connection isn't evident, Wisconsin courts sometimes also look at the regulation that is alleged to have been violated, and specifically what type of conduct was that regulation enacted to prevent? If Wisconsin courts find that there is a causal connection between the defendant's act and the plaintiff's payment of money, they measure the pecuniary loss in the amount that the consumer paid. Here in this case, Ms. Cortez alleged that Coles lied to her about its price comparisons. She alleged that Coles' activity violated regulation ATCP 124, which is Wisconsin's price comparison advertising code, and thus violated Wisconsin Statute 100.20. And, critically, she alleged that she only made her purchases because of the price comparisons that Coles showed her. Mr. Woodward, can you point to a Wisconsin case, you're talking about the causation element, can you point me to a Wisconsin case that shows that the exact form of monetary loss that you're alleging in this case was pecuniary loss? Because the cases you cite in your brief are all different. They all deal with a different form of monetary loss. So is there one that I'm not seeing? I would direct your honor to the case of Pliss v. Peppertree Resorts, Wisconsin Court of Appeals. The regulation that was at issue in Pliss was not ATCP 124. Instead, it was involving the timeshare sales. But in that case, because of the violation of the timeshare regulation that prohibited referral incentive payments, the plaintiff alleged that they went ahead and bought the timeshare. And they didn't receive the compensation that they were due, or that they were promised. They received the timeshare. But they didn't receive the compensation that they were promised, right? That was the pecuniary loss. Your honor, the pecuniary loss that was held by the Wisconsin Court of Appeals was the money that the plaintiff paid for the timeshare. Okay, I understand what you're saying. But the loss, the causation, was they were supposed to receive compensation before the sale was completed, and they didn't. I believe, your honor, that in Pliss, the allegations were that Your argument is extraordinarily broad. If you're saying that the pecuniary loss is the money that the plaintiff paid, okay, let's accept that. But what case says it's sufficient to be a pecuniary loss to be the money that the plaintiff paid that they should have paid less for something based on a similar fact scenario that you have here? We don't cite to, and I don't believe there is a Wisconsin case that deals with a violation of 124. The closest we can come are the Illinois cases, right? That we've looked at identical Illinois statutes and held that they don't qualify as pecuniary loss under the statute. Respectfully, your honor, Illinois statute, Illinois Consumer Fraud Act, has a different measure of damages. It is a benefit-of-the-bargain measure of damages that is completely absent from Wisconsin jurisprudence on section 100.20. In fact, the only points at which benefit-of-the-bargain measure of damages is ever mentioned in Wisconsin jurisprudence is when it is rejected in favor of the pecuniary loss measure, which involves an award of damages to the plaintiff up to the amount that they paid as a result of the defendant's wrongful act. And so, for example, that would be not just Pliss but Kaskin? Yes, your honor. Okay. That would be Pliss, that would be Kaskin, that would be K&S, Tool & Dye, and that would be Mueller, and that would be Benkoski. Benkoski. Do you think that Coles could argue at summary judgment or at trial for a reduction in damages based on its theory that Ms. Cortez-Gomez got some value from the products? In other words, or do you think you're automatically entitled to double the purchase price for every violation Ms. Cortez-Gomez wins? Or does that just represent an allegation about the maximum damages you can get at the pleading stage? It's the latter, your honor. The award of damages is subject to proof, and I believe it was in Benkoski, which we didn't discuss extensively in our brief, but we did cite. And in that case, I believe that the money was reduced by the amount of the value of a mobile home that the plaintiff still had possession of. But in the other cases, K&S, Tool & Dye is a great example. The recovery was the full amount of the purchase price of, in that case, an industrial product. It was a lesser product. Right. That's my whole point. The pecuniary loss in that case was the plaintiff bought a lesser product than they bought here. That's not your allegation. You're not arguing that, right? That's correct, but it's important to point out, I believe, your honor, that the Wisconsin Supreme Court did not assess the value of the press that the plaintiff ended up with in K&S, Tool & Dye at all. I understand, but the plaintiff isn't arguing here that the plaintiff bought a lesser product. They're acknowledging they bought the product for the price that was advertised. They bought the product at what was represented as a sale price below a purported regular price that we allege Kohl's never actually sold. But they didn't buy a lesser product. There's no allegation that they did, but that is because there doesn't need to be. The allegation is that but for the false representation, the false price comparison, Ms. Cortez wouldn't have purchased the product at all. And under Wisconsin law, that's actionable, and the measure of damages, the pecuniary loss she suffered, subject to her proof, can be the full purchase price she paid for the products. All right, you're into your rebuttal time. Do you want to save some time for rebuttal? I'd save some time for rebuttal. Thank you, your honor. All right, Ms. Mazzuchetti. May it please the court, Lori Mazzuchetti for Kohl's Corporation and Kohl's, Inc., defendants appellees in this action. This court should affirm the dismissal of plaintiff's complaint because the court of the district court's ruling was correct. Plaintiff cannot recover under the Wisconsin Unfair Trade Practices Act unless the plaintiff pleads that she suffered a pecuniary loss. Wisconsin law has settled that even if there's a violation of an administrative code regulation but no resulting pecuniary loss, there is no right to recovery. Plaintiff's concession that they did not purchase or she did not purchase a lesser product is extremely important here. There is not a single case applying Wisconsin law that has found any pecuniary loss where a plaintiff purchases an item for a price they agreed to pay and does not contend that the item was worth less than the amount. But would that under the Wisconsin statutory regime here just be a different kind of claim, a claim she's not making here? Do you have a Wisconsin case where the Wisconsin state court has said that the benefit of the bargain damages, which is what you're going for, is a measure of recovery for a 100.2.0 claim, the type of claim here? Yes, Your Honor. So in Benkoski v. Flood, the court did look at whether pecuniary loss existed. The fact of pecuniary loss did find that benefit of the bargain and similar to a breach of contract is corollary to look at. But here there's a distinction between the benefit of the bargain in each of the cases that plaintiff cites to. K&S Tool, Mueller v. Kauffman Motors, in those cases the plaintiff didn't get what they bargained for. In K&S Tool, as Judge Kearse mentioned, the plaintiff received a lesser product. In Mueller, the plaintiff received, or at least she alleged she received, a defective car. So the court looks to whether the fact of pecuniary loss existed as to did the plaintiff get what they bargained for. With respect to the measure of damages, and this really comes from the Mueller case, what the trial court did in that case was rule that under the Wisconsin Unfair Trade Practices Act, the damages were limited to the value of the product represented versus the value of the product received. So that goes to the question that I asked Mr. Woodward. Isn't Coles able to argue at summary judgment at trial that Ms. Cortez-Gomez's damages should be limited because she got the value of the Bluetooth speaker? But that's a separate question from whether she's alleging pecuniary loss under Wisconsin law at the pleading stage. But Wisconsin law and Illinois law are not distinguishable on this point. Both statutory schemes require... But counsel, why look at Illinois? I know we're the Seventh Circuit, and we're here in Illinois, but this is a question of Wisconsin law. And every state has their own statutory regime. Why should we follow Oregon law? If Oregon has, you know, they view pecuniary loss differently. I understand the issues on certification from the Ninth Circuit for Washington law. So why Illinois law? Because Illinois law and Wisconsin law have essentially the same language, or at least substantively identical language, that in Illinois, the only persons who can recover under the Illinois consumer product are persons who suffer actual damages as a result of a violation. This court has held that actual damages are pecuniary loss. Under the Wisconsin statute, the only persons who can recover are persons suffering pecuniary loss because of a violation. Both sets of case law under the Wisconsin Unfair Trade Practices Act and under the Illinois Consumer Fraud Act are looking at was plaintiff harmed as a result of the violation. And where a plaintiff pays for an item and gets exactly the item that meets all of the specifications that she expected as to quality and how the products could be used, the plaintiff has received the benefit of the bargain. That's different than the quantum of damages that could be awarded, as the Mueller court had recognized, where it could be that a product may have some objective value greater than zero, but it was worthless to plaintiff. So it doesn't preclude, just the fact that the product may have some objective value did not preclude the plaintiff from presenting a damage theory that was based on the theory that the product was worthless to her. So Illinois and Wisconsin law are... What about Oregon? What's different about Oregon? A little statute there. Isn't the statutory language quite similar? Why should we not follow their approach? It is quite similar, but that is an outlier of approach across the courts that have addressed this issue. The First Circuit, the Sixth Circuit, the Eighth Circuit. Have these courts dismissed these cases at B1 or B6? The case law traditionally dismisses the case on 12B6. And as we've argued in our papers, that if this court finds that the district court should not have ruled on jurisdictional basis, that the court can rule on 12B6. It's an alternative ground for affirmance. And if this court were to accept that there is no pecuniary loss pled on the basis of the pleading, which consistent with Kim and Kamasa is not, this court can affirm on the basis of 12B6. What the district court did below on 12B1 was find it was legally impossible for the plaintiff to demonstrate pecuniary loss and therefore could not recover under the statute. And we agree with that. It is legally impossible because the plaintiff had not pled a pecuniary loss that's recognizable by law. Under what circumstances do you think a private plaintiff in Wisconsin can sue for a violation of these price comparison regulations under ATCP 124? If a plaintiff was duped into overpaying for a product based on a representation, based on a false comparative price representation, then a plaintiff could recover. But that's not what is alleged. Or if she didn't agree to buy it. Correct. There's two things. If she didn't get what she paid for or if she didn't agree to buy it. That's it. That's the answer to the question, right? That is the answer to the question. If your answer is that, does that require, are you requiring a plaintiff to cross-reference a different part of the Wisconsin statute? In other words, you can't sue under ATCP 124 unless over here, under this part of the statute, you can also say something is worth less than what I paid for it or is defective. Because that's a whole other regulatory shelter or path for a plaintiff. Do you understand my question? I believe I do. But these paths are linked because the claim is brought under Wisconsin Statute 100.20, which makes a private cause of action for somebody who sustains a pecuniary loss flowing from the regulatory violation. So these things are linked. You can't just allege a regulatory violation. Wisconsin law is clear on that, right? You can't just allege a regulatory violation and then sue for damages. That is correct. You have to allege an unfair trade regulation plus a pecuniary loss, which Wisconsin courts have said you didn't get what you paid for or you never agreed to buy it. And she doesn't allege either of those things here. That is absolutely correct. And when you look at K&S Toole and Mueller, which plaintiffs suggest shows a departure between Wisconsin and Illinois law, it just doesn't exist because in both of those cases the plaintiff had alleged, I didn't get what I paid for. I got something very different than what I bargained to receive. So essentially, in sum, what Wisconsin law recognizes is that you must allege that you didn't get what you paid for. You must allege that you didn't get the benefit of the bargain. Should the legislature then have just included something like the word net in front of pecuniary loss? Why did they opt to just say pecuniary loss instead of net pecuniary loss? I don't know that there's a distinction between net pecuniary loss and pecuniary loss. There's either pecuniary loss or there's not. If you purchase a product for a price and got a product worth the value that you paid and you do not claim that the product was misrepresented on the specifications, you do not contend the product was worthless to you, there is just no pecuniary loss. And that's exactly what this court found, albeit under Illinois law, in Kim and Kamasa. This is the exact same scenario that's presented under very similar words in a statute. And there's no authority in Wisconsin. And the federal district courts that have looked at this issue in Sapodinsky and Weaver, which is discussed at length in Sapodinsky, have applied Kim and Kamasa to say there's no pecuniary loss when you cannot allege that the product was worth less or was different than what you intended to buy. All right. Thank you, Ms. Mazzuchetti. Mr. Woodward, rebuttal. Wisconsin and Illinois law are absolutely different when it comes to the measure of damages. There is absolutely no requirement in Wisconsin consumer protection law and in all the jurisprudence that a plaintiff must plead that the goods she purchased, in this case Ms. Cortez, were either defective or worth less than what she paid. That requirement does not exist in Wisconsin jurisprudence. Mr. Woodward, are you alleging that the plaintiff here did not receive the benefit of the bargain? We are alleging a violation of... I know. Are you alleging that she didn't receive the benefit of the bargain? I take that to mean no, you are not. She bargained for the price that she paid, and that's what she paid. We actually did allege that she did not receive the benefit of the bargain... How so? How so? But if you agree to pay $5 and you pay $5, how do you not get the benefit of the bargain? How is that even plausible on its face? You cannot falsely represent the regular price of an item and then say you're getting a deal. Your argument is not that as long as you allege a violation of the regulation, you necessarily establish pecuniary loss, right? That's right. You can't argue that because Wisconsin forecloses that. That's right. This is not strict liability. There has to be a causal connection. That is the key in Wisconsin jurisprudence to establishing a pecuniary loss, and here Ms. Cortez has alleged, but forecloses making the false representation about this regular price of the item she bought, she would not have purchased the items, and under Wisconsin jurisprudence, that is more than enough to state a claim, and her pecuniary loss is measured by up to the purchase price that she paid, subject to doubling costs and attorney's fees. I'm out of time. If Your Honors have any further questions. Thank you, Mr. Woodward. Thank you. Thank you to both counsel and the case will be taken under advisement.